IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DANIEL NICHOLS,                          §
                                         §
            *Plaintiff,*                  §            SA-20-CV-01306-FB
                                         §
vs.                                      §
                                         §
ROBERT ROBINSON, JAMES WELLS,            §
DANA WELLS,                              §
                                         §
            *Defendants.*                 §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants' Motion for Summary Judgment [#16].  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#12].  The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  In issuing this recommendation, the undersigned has also considered Plaintiff's response [#17], and Defendants' reply [#18].  For the reasons set forth below, it is recommended that Defendants' motion be **DENIED**.

## I.  Background

This case arises out of a motor-vehicle collision that occurred on January 7, 2019, in Bexar County, Texas.  (Compl. [#1] at ¶ 6.)  Plaintiff Daniel Nichols brings this action to recover damages for personal injuries he allegedly sustained in the accident.  (*Id.*)  According to Plaintiff's Complaint, he was waiting at a stop sign to merge onto an access road to Interstate 35, when he was rear-ended by a tractor-trailer.  (*Id.* at ¶¶ 7–8.)  Plaintiff's Complaint asserts various theories of negligence against Robert Robinson ("Robinson"), the driver of the tractor-trailer,

1

and James and Dana Wells ("the Wells Defendants").  (*Id.* at ¶¶ 7–9.)  Plaintiff alleges that Robinson was operating his tractor-trailer in the course of his employment with the Wells Defendants or in furtherance of their business at the time of the collision.  (*Id.* at ¶¶ 8–14.)

The record reflects that this case was filed on November 6, 2020.  (Compl. [#1].)  Texas's two-year statute of limitations governs Plaintiff's negligence claims in this diversity case.  *See* Tex. Civ. Prac. & Rem. Code § 16.003(a).  Because the accident occurred on January 7, 2019, the statute of limitations on Plaintiff's claims expired on January 7, 2021, and thus the suit was filed within the statute of limitations.

However, although Plaintiff timely filed his suit, it is undisputed that he did not request issuance of summons until January 13, 2021, six days after the expiration of the limitations period.  (Request for Summons [#3].)  The Clerk issued the summonses for all three Defendants on the same day they were requested, but Plaintiff failed to serve Defendants with process within the time period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure (by February 4, 2021).  *See* Fed. R. Civ. P. 4(m) (requiring service of process within 90 days after a complaint is filed).

The District Court issued an order on March 9, 2021, directing Plaintiff to show cause on or before March 16, 2021, as to why his case should not be dismissed for failure to serve Defendants with process and for failure to prosecute.  (Show Cause Order [#5].)  On March 15, 2021, Plaintiff requested an extension of time to serve Defendants under Rule 4(m) of the Federal Rules of Civil Procedure, explaining the reasons for the delay in service, which were supported by affidavits by counsel and a paralegal assigned to the case.  (Motion [#6].)  The affidavits attested to various medical emergencies of the law firm's staff, including a COVID-19

outbreak at the office, which resulted in the inadvertent failure to ensure service of process. (Maldonado Aff. [#6-1] at 1; Aguirre Aff. [#6-2], at 1.)

The District Court granted the motion, concluding that Plaintiff had established good cause for the delay in effectuating service on all Defendants and extending the deadline for service to April 6, 2021.  (Order [#8].)  Plaintiff filed a notice with the Court on March 25, 2021, confirming that Robinson was served on March 19, 2021, and that the Wells Defendants were served on March 23, 2021.   (Notice [#9].)   Defendants filed an Answer on April 8, 2021, asserting the affirmative defense that Plaintiff's case is barred by the governing statute of limitations.  (Answer [#15] at ¶ 27.)  One day later, Defendants filed the motion for summary judgment that is the subject of this report and recommendation.

Defendants have collectively moved for summary judgment on all of Plaintiff's claims for failure to serve Defendants with process in a timely manner before the expiration of the governing statute of limitations.  The motion is ripe for the Court's review.

## II.  Governing Law

In a diversity case, where a defendant is served with process after the expiration of the statute of limitations, the law of the forum state applies to determine whether the filing of the suit has the effect of tolling the limitations period.  *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)).  In Texas, a plaintiff must not only file suit but also use due diligence in procuring service on the defendant in order to toll the statute of limitations.  *Id.* (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)).  "In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex.

3

2007) (per curiam).  A court looks to "the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service."  *Budget Rent A Car System, LLC v. Valdez*, 558 S.W.3d 304, 307 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Although the determination of due diligence is usually a fact question, the lack of due diligence may be found as a matter of law "if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence."  *Saenz*, 951 F.2d at 667 (citing *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533 (Tex. App.—Dallas 1987, no writ); *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126 (Tex. App.—Texarkana 1986, no writ)).  "[A] plaintiff's explanation may demonstrate a lack of diligence as a matter of law, 'when one or more lapses between service efforts are unexplained or patently unreasonable.'"  *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (quoting *Proulx*, 235 S.W.3d at 216)).

Once a defendant has affirmatively pleaded a limitations defense and shown that service was effected after the limitations period expired, the burden shifts to the plaintiff to explain the delay.  *Valadez*, 558 S.W.3d at 307.  The measure of diligence begins from the time suit is filed.  *Id.*  Plaintiff bears the burden of presenting evidence regarding the efforts made to serve the defendant and to explain every lapse in effort or period of delay, not just for the period after the expiration of the statute of limitations.  *Id.*  "If the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why the explanation is insufficient."  *Id.*

### III.  Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

4

moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. However, if the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## IV.  Summary Judgment Record

Plaintiff's counsel's affidavit, which Plaintiff submitted in support of his response to Defendants' summary judgment motion, establishes that counsel's firm is a small office with three attorneys and two litigation paralegals—Jason Morris and Debra Aguirre.  (Maldonado Aff. [#17-1] at 1.)  Plaintiff's lawsuit was initially assigned to Mr. Morris, but Mr. Morris was rushed to the hospital for emergency surgery on his large intestine to remove a cancerous tumor five days after Plaintiff's lawsuit was filed on November 27, 2020.  (*Id.*)  Mr. Morris required a second surgery approximately two weeks later on December 14, 2020, and has been undergoing chemotherapy several days per week since that time and has been unable to return to work.  (*Id.*)

From December 29, 2020, through January 12, 2021, counsel's office was forced to close after four staff members tested positive for COVID-19.  (*Id.*)  In early January 2021, counsel reassigned this case to the firm's other paralegal, Debra Aguirre.  (*Id.* at 2.)  On Monday, January 11, 2021, counsel inquired with Ms. Aguirre as to the status of service on Defendants, and Ms. Aguirre sent an email with the Complaint to counsel for Defendants on that same day.  (*Id.*; Jan. 11, 2021 Email [#16-2] at 2.)  On January 13, 2021, the day after counsel's office reopened, Ms. Aguirre requested issuance of summons from the Court.  (*Id.*)  The following day, she forwarded the summonses to the process server but inadvertently misspelled the email address with one wrong letter.  (*Id.*; Jan. 14, 2021 Email [#17-1] at 4.)

A few days later, Ms. Aguirre began showing symptoms of COVID-19 and tested positive.  (Maldonado Aff. [#17-1] at 2.)  She was out of the office from Monday, January 18, 2021, to February 17, 2021, while she and her husband suffered and recovered from COVID-19. (*Id.*)  Ms. Aguirre was not equipped to work from home during this time, as such capabilities had not been installed on her personal computer.  (*Id.*)

On January 29, 2021, counsel for Plaintiff sent an email inquiring as to service of process of Plaintiff's Complaint on Defendants to the process server's email address used by Ms. Aguirre in her January 14, 2021 email.  (*Id.*; Jan. 29, 2021 Email [#17-1] at 6.)  Counsel did not receive a response to the email, but also did not receive a rejection that the email address was invalid that might have notified her of the error.  (Maldonado Aff. [#17-1] at 2.)

On February 14, 2021, the City of San Antonio experienced an unprecedented snowstorm, which caused city-wide power and water outages.  (*Id.*)  Counsel's office was forced to close a second time due to power outages from February 15, 2021, through February 19, 2021.  (*Id.*)

On March 3, 2021, counsel again asked Ms. Aguirre to check on the status of service on Defendants.  (*Id.*)  Ms. Aguirre relayed to counsel on March 9, 2021, that her January 14, 2021 email was not sent to the process server's proper email address due to a misspelled email address.  (*Id.*)  Upon discovery of the error, Ms. Aguirre immediately forwarded the summons issued by the Court to the correct email address.  (*Id.*; Mar. 9, 2021 Email [#17-1] at 7–8.)  At that time, Ms. Aguirre was informed by the process server that the summons as to Defendant Robinson was not properly signed by the Court's clerk.  (Maldonado Aff. [#17-1] at 2.)  Ms. Aguirre requested a new signed summons for Robinson on that day.  (*Id.*)  The Court's clerk issued a signed summons on March 9, 2021, and Ms. Aguirre sent the signed summons as to Robinson to the process server on March 11, 2021.  (*Id.*)

## V.  Analysis

Defendants ask the Court to grant them summary judgment on all of Plaintiff's claims because he failed to timely serve them with process before the expiration of the governing statute of limitations and failed to exercise due diligence in effectuating service as a matter of law.  The

Court should deny the motion.  Plaintiff has raised a genuine issue of material fact on the question of diligence, and Defendants have failed to establish Plaintiff's lack of diligence as a matter of law.

"Only in rare instances have the Texas courts concluded that an excuse offered by the plaintiffs for failure to procure service negated the exercise of due diligence as a matter of law." *Saenz*, 951 F.2d at 667.  The Houston Court of Appeals found that counsel's explanation for a failure to serve a defendant until 84 days after his suit was filed raised a fact question on diligence, where counsel was in trial in an out-of-town court for a twelve-week interval between the time he filed suit and the time he was notified no service issued.  *Edwards v. Kaye*, 9 S.W.3d 310, 315 (Tex. App.—Houston [14th Dist.] 1999, reh'g overruled).

In another case, the Houston Court of Appeals found that defendants had not conclusively established plaintiff's lack of diligence in securing service until one year after limitations expired, where counsel's only legal assistant collapsed during church and fell into a coma (and subsequently died) and counsel developed a life-threatening infection during the same time period.  *Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 703 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  Under the circumstances, the Houston Court of Appeals concluded that "[t]he legal assistant and counsel obviously did not abandon the substituted service through mere inaction considering they were both incapacitated during some of this period."  *Id.*  Although the court recognized that "counsel did not explain the steps he took to ascertain the status of his cases while he was not incapacitated," the court inferred that "it would take some time for an attorney to resume the normal operation of law practice after his only assistant lapses into a coma and subsequently dies and after he has been incapacitated due to a serious illness."  *Id.*

The cases cited by Defendants in support of their motion in which courts found a lack of diligence as a matter of law are not analogous to the facts of this case because they involved a failure to present any evidence to explain the delay in service and a failure to even attempt service during the period of delay.  *See, e.g.*, *Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 121 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Unilaterally waiting [five months] to serve a defendant during settlement negotiations is not due diligence."); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, no writ) (finding lack of due diligence as matter of law where the record demonstrated "*inactivity* or complete failure to attempt service that was due to miscommunication," such that there were "no efforts from which to evaluate the reasonableness or diligence of the actor").

Here, in contrast, Plaintiff has provided ample explanation for the delay in service, and the summary judgment record establishes that such delay coincided with a number of incidents outside of counsel's control: first, a medical emergency that befell the paralegal responsible for initial service of Plaintiff's Complaint within days of the filing of Plaintiff's Complaint; second, a two-week office shut-down when four staff members tested positive for COVID-19; third, a five-week leave of absence of the replacement paralegal due to her own illness from COVID-19; and fourth, an unprecedented snowstorm and city-wide power outages which required the second closure of counsel's law office.  Additionally, a typographical error in the process server's email address further contributed to the delay.  The undersigned agrees with Plaintiff that the summary judgment record does not establish that Plaintiff abandoned service through inaction or that any of Plaintiff's explanations for the delay in obtaining service are patently unreasonable as a matter of law.

Defendants' argument that counsel improperly relied on her paralegal and support staff to ensure service does not establish a lack of diligence as a matter of law. Although counsel could have been more diligent in personally ensuring service was perfected immediately after the filing of Plaintiff's suit, the standard for evaluating diligence is a reasonably prudent person standard. The record establishes that once Plaintiff's case had been reassigned to the firm's only paralegal, counsel inquired about the status of service of process on January 11, 2021, January 29, 2021, and March 3, 2021, at various junctures when a reasonable person would have developed concern that issues with service had arisen. (Jan. 11, 2021 Email [#16-2] at 2; Jan. 29, 2021 Email [#17-1] at 6; Maldonado Aff. [#17-1] at 2.) Against the backdrop of multiple office closures and local emergencies, as well as being down one paralegal, counsel's actions do not evidence a lack of diligence as a matter of law, and Defendants are not entitled to summary judgment on Plaintiff's claims.

## VI.  Conclusion and Recommendation

Having considered Defendants' motion, the response and reply thereto, the summary judgment record, and the governing law, the undersigned recommends that Defendants' Motion for Summary Judgment [#16] be **DENIED**.

## VII.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file

the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of August, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

11